By the Court.
It is conceded that under the common law the plaintiff had a cause of action against the defendant company for any wrongful act by its servants, agents, or employes, causing the death of her intestate, George A. Griffith.
Did Section 6278 et seq., General Code, in any wise affect that common-law right or remedy? These sections were passed in 1898 obedient to a popular demand that some further remedy be provided by law for persons sustaining injury or death by the violence of mob law. Clearly these were remedial statutes, and as such should be liberally construed in favor of those who were given the remedy.
*75 The question here is, Did plaintiffs election to sue Jefferson county under this statute cause her to lose her common-law rights to sue The Phillips Company? Is her election of one remedy the rejection of all other remedies?
The question naturally presents itself, Is it so written in the statute? If the plaintiff is entitled to a liberal construction of the statute in her favor, she is also entitled to have the statute applied as it is written. There is nothing written in this statute, nor any section thereof, in any wise affecting any other civil remedy at common law, or otherwise, and the only way that such common-law remedy could be denied would be by writing such denial into the statute. The legislature did not do it. This court has neither power nor right to do it.
It is a fundamental rule that when a new remedy for a violation of any right is provided it is cumulative, unless there be express denial, or denial by necessary implication, of the exercise of any other right or remedy.
Moreover this statute is of a penal or nature. It is really a punishment inflicted upon the county for the injury or death inflicted upon one who was entitled to the protection of the law in that county.
The issues in a case under the statute are few and simple and wholly different from what they are in the case under the common law. In the case against The Phillips Company the issue was wrongful assault by the company, its officers, agents, or employes, the same kind of issue you would have in any prosecution for criminal assault *76 in which the action is one for damages only. The legislature, however, realizing that in case's of mobs the defendants are generally unknown, or irresponsible financially, proceeded to afford to the wronged parties some remedy in addition to the rights and remedies that then existed at common law.
It is elementary in joint liability, either under contract or in tort, that where there is a full satisfaction by one joint obligor, the same works a release as to all other obligors.
Now in this case suppose The Phillips Company were sued jointly with Jefferson county, clearly such petition would be demurrable. While each is liable, each is liable on an entirely different state of facts, in different causes of action; and hence the satisfaction of either’s liability is not a bar to the liability of the other.

Judgment affirmed.

Wanamaker, Newman, Matthias and Johnson, JJ., concur.